V. C. HART ET AL. v. R. V. DAVIDSON ET AL.

No. 3384.

1. **Subrogation.**—Where on request or consent of the maker his notes are taken up upon an agreement which for any cause falls through, he can not complain that the party so taking up such notes shall claim repayment of the money paid out for the notes and assert whatever liens were held by the original holder of such notes to secure them. See facts.

2. **Immaterial Error.**—While it was error to submit as an issue an alleged contract to which there is no testimony, still such error becomes immaterial if the law implies a liability identical with that found upon the issue improperly submitted.

3. **Subrogation.**—Payment was made by consent of the maker under expectation of obtaining title to the land upon which the notes were secured. It would operate a fraud upon the party so taking up a part of a series of notes to allow the maker on payment of the remainder of the series to keep the property and to refuse payment of the notes so taken up. See example.

APPEAL from Galveston. Tried below before Hon. WM. H. STEWART. The opinion states the case.

*W. B. Denson,* for appellants, cited Burr v. Smith, 21 Barb., 262; 2 Dan. on Neg. Inst., secs. 1222, 1223, 1254; Edw. on Bills, 535; Story on Prom. Notes, 453; Rowe v. Collier, 25 Texas Sup., 252; Moore v. Anderson, 30 Texas, 224.

*Goldthwaite, Ewing & H. F. Ring* and *Davidson & Minor,* for appellees. 1. The verdict of the jury is in full accord with the law and with the court's charge, and is clearly supported by the evidence, in this, that the evidence demonstrates that Mrs. Swain furnished Mrs. Crawford with the money to take up the thirteen notes in controversy, with the understanding between Mrs. Crawford and Mrs. Swain and Hart that Mrs. Swain should retain the lien on the property to the extent of such payment. Oury v. Saunders, 77 Texas, 278; Land and Loan Co. v. Blalock, 76 Texas, 87; Fears v. Albea, 69 Texas, 437; Pridgen v. Warn, 79 Texas, 594; Parker v. Smith, 11 S. W. Rep., 909; Hicks v. Morris, 57 Texas, 662, and authorities cited on p. 663; Henson v. Reed, 71 Texas, 727; Focke v. Weishuhu, 55 Texas, 33.

2. Mrs. Swain having paid the thirteen notes at the instance of Hart and of Mrs. Crawford, under circumstances making it clear that all parties contemplated she should become entitled at the least to the benefit of the security for the debt held by the loan company, was, as against Hart and Mrs. Crawford, subrogated to the benefit of such security to the extent of said thirteen notes, and the appellee Shepherd, as her assignee, was likewise so subrogated. Oury v. Saunders, 77 Texas, 278; Fievel v. Zuber, 67 Texas, 281; Dillon v. Kauffman, 58 Texas, 697; Bank v. Ackerman, 70 Texas, 317; Eylar v. Eylar, 60 Texas, 315; Warh-mund v. Merritt, 60 Texas, 24; Brooks v. Young, 60 Texas, 35; 1 Jones on Mort., 4 ed., secs. 874, 877; Sheldon on Subrogation, sec. 3, pp. 240, 241.

GARRETT, PRESIDING JUDGE, *Section B.*—V. C. Hart and his wife Sallie J. brought this suit against R. V. Davidson and B. A. Shepherd, to enjoin the sale of a lot in the city of Galveston, which Davidson, as trustee, had advertised for sale under a deed of trust executed by said Hart and wife to secure the payment of their sixty promissory notes in favor of the People's Loan and Homestead Company, aggregating $1509.19. Plaintiffs claimed that twenty of said notes had been paid, and tendered payment of the balance. On hearing, a preliminary injunction was granted as to the first twenty of said notes. The defendant B. A. Shepherd pleaded over that he was the owner and holder of all of said sixty notes by transfer thereof to him, and prayed judgment therefor with foreclosure of lien on the lot. He made Mrs. M. A. Crawford, who was insane, and her guardian W. B. Wallis parties to his cross-action as asserting some interest in the property; and Wallis answered, claiming protection of the premises as a part of the homestead

of his ward. Hart and wife tendered and paid into court the money for the payment of the forty notes which they admitted to be unpaid, and pleaded payment of the others.

Trial was had before a jury, which returned a verdict in favor of the plaintiff Hart for the fee simple title to the lot in controversy, subject to a life-estate in Mrs. Crawford, she having conveyed to Hart with reservation of a life-interest; and further, in favor of defendant Shepherd for the money paid into court and the sum of $567.20, the princi-pal and interest of thirteen of the twenty notes claimed to have been paid. Judgment was entered accordingly. Plaintiffs' motion for a new trial was overruled, and they have appealed and assigned errors. The question of homestead was decided adversely to Mrs. Crawford, and there is no appeal by her.

On March 19, 1885, Mrs. Crawford, then and until recently before the filing of this suit, was of sound mind, and owned lot 1, northwest quarter outlot 21, of the city of Galveston, and other lots in Galveston adjoining thereto. She was the mother of the plaintiff Mrs. Hart and of one Mrs. E. J. Swain. On the above date she conveyed the lot above mentioned to the plaintiff V. C. Hart for the sum of $1200, with the reservation of a life-interest therein in herself. On April 1, 1885, Hart borrowed $1200 from the People's Loan and Homestead Company, and to secure it he and his wife executed their sixty promissory notes, payable monthly, with a deed of trust on the property, the defendant Davidson being trustee. This money Hart paid to Mrs. Crawford as the purchase money for the lot. He had agreed, however, with Mrs. Crawford, who was in need of the money to improve other prop-erty, that when she paid him back the notes paid by him and paid the unpaid notes he would reconvey the property. He paid about three of the notes, and then agreed with Mrs. Crawford that if she would pay the balance of them he would reconvey to her. After the pay-ment of the seventh note Mrs. Crawford became unable to meet any more of them, and Hart suggested and asked her to request Mrs. Swain to take up the balance of them, as Mrs. Crawford was afraid she would lose the property. In consideration of Mrs. Swain's taking up the notes Hart and his wife were to convey the property to Mrs. Swain, and she was to have the lot. But Mrs. Crawford was to have the use of the property as long as she lived, and at her death Hart and wife were to convey it to Mrs. Swain. Mrs. Crawford made a will to that effect. Mrs. Swain was also to pay the taxes and insurance on the premises, and it was the understanding that Hart and his wife released their interest in the lot, and that Mrs. Swain was to have it at her mother's death.

Mrs. Swain commenced with the eighth note and paid up to the twentieth, making thirteen in all; and she also paid the taxes and in-surance on the property up to the institution of this suit. After the

payment of the twentieth note she procured the defendant B. A. Shepherd, who was a relative and friend, to take up and carry the balance of them for her. This he did with the written consent of the plaintiff Hart, who stated that it was at the request of Mrs. Swain, who resided at the time in Columbia. The payments made by Mrs. Swain were through Mrs. Crawford and Mrs. Hart, to whom she sent the money. They paid over the money to the Loan and Homestead Company, and the notes were marked paid by the secretary of the company and delivered to the person paying the money. Mrs. Crawford had possession of all of the twenty notes which had been paid, and delivered them to Mrs. Swain after the last of them had been paid. When defendant B. A. Shepherd determined to foreclose for the notes held by him, Mrs. Swain requested him to foreclose for hers also, and assigned the twenty notes in her possession to him, and he proceeded to foreclose for the entire amount.

Appellants' third and fourth assignments of error are:

"3. The verdict of the jury is contrary to the law and charge of the court, in this, viz.: the court charged the jury as follows: 'If you believe from the evidence that Mrs. Swain or her husband furnished Mrs. Crawford with the money to take up any of the notes, with the understanding between Mrs. Crawford and Mrs. Swain and Hart that Mrs. Swain should retain the lien on the property to the extent of such payment, then Shepherd, as the assignee of Swain, would be entitled to recover of Hart the amount so taken up by Mrs. Swain and a lien on the lot to secure payment of same.' Because the evidence did not in any manner pretend to show such an understanding between Mrs. Crawford, Mrs. Swain, and Hart.

"4. The verdict of the jury is contrary to the evidence, in this, that the first twenty notes, payment for thirteen of which the verdict awarded, were paid off and satisfied and discharged without reference to the lien on the lot, with no understanding as to subrogation to the lien between the parties in interest, the payor or payee, and said notes could not be revived or vitalized, neither could the lien upon the property, so as to be valid or of binding force."

There was no understanding between Hart, Mrs. Crawford, and Mrs. Swain that Mrs. Swain should pay the notes and have a lien on the property for the return of the money to her which she should advance for that purpose, and it was error for the court to give the charge complained of by the appellants; but the error would become immaterial if it should appear from the evidence that Mrs. Swain became subrogated to the lien of the notes. The notes were taken up at the request of Mrs. Crawford upon the suggestion and with the approval of Hart, and with the understanding that the lot was to become the property of Mrs. Swain. These notes were a lien upon the lot; Hart was bound for their payment; and the money was advanced not as a loan to Hart

·or to Mrs. Crawford, but with the assurance to Mrs. Swain that she should have the lot, and a provision in the will of Mrs. Crawford devising the lot to her was made. Mrs. Swain, therefore, can not be treated as a volunteer; and if by any cause the agreement by which she was to have the lot conveyed to her upon payment of all the notes fell through, she should be subrogated to the lien of the notes which she took up, and her right to subrogation on the consent or intention of the Homestead and Loan Company. Hart is in no position to complain, for he is not called on to do more than he was bound to do in the first place; and Mrs. Swain having taken up the notes at his request, he will not be permitted to hold on to the property and refuse reim-·bursement to her. Payment of the notes by Mrs. Swain was made under such circumstances that it would operate as a fraud if Hart should be permitted to insist that the security for the debt was discharged by the payment. Oury v. Saunders, 77 Texas, 278; Shelden on Subrogation, sec. 247:

We think that the right conclusion was reached, and that judgment was properly rendered against Hart for the amount of the notes paid by Mrs. Swain.

The judgment of the court below should be affirmed.

*Affirmed.*

Adopted March 22, 1892.